UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL L. GLENN, JR., | ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:23-CV-229-TRM-JEM ) |
| DETECTIVE WEAVER O.R.P.D., | ) ) |
| Defendant. | ) |

## ORDER TO SHOW CAUSE

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Doc. 2] and the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**].

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally

construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## A. Summary of the Complaint

Plaintiff alleges violations of 42 U.S.C. § 1983 against Detective Weaver with the Oak Ridge Police Department [Doc. 2]. According to Plaintiff, a woman, who he believes is an informant, asked him via Facebook to bring her cocaine [*Id*. at 4]. Plaintiff agreed to visit the woman but only for sexual relations [*Id*.]. His father drove him in his mother's vehicle [*Id*. at 5]. On the way to the woman's house, Plaintiff and his father were pulled over [*Id*.]. The officers performed a search of the vehicle but did not find anything [*Id*.]. Plaintiff alleges that an officer also performed an "illegal cavity search of [his] person" [*Id*.]. According to Plaintiff, Detective Weaver stated, "Either you let us do it or we take you to the jail or hospital. Then we do it anyway. It's not going to hurt, plus remember the charges from yesterday? We didn't drop them. I can always arrest you on those anytime. So stop resisting or go to jail. Either way[,] this is happening" [*Id*.]. Plaintiff states that the officer performed the search without a warrant [*Id*. at 6].

Plaintiff alleges that this search left him in tears and fearing for his life [*Id*.]. "This happened in 2017[,] and this proceed[ed through] the on coming years" [*Id*. at 7]. Alleging that he was "hazed and bothered over and over[,]" Plaintiff claims that "threats [are] still being made" [*Id*.]. Plaintiff states, "The constant slander has not stopped" [*Id*.]. As a result of the cavity search, Plaintiff avers that he has experienced a number of mental illnesses [*Id*.]. He seeks $100,000 for his injuries [*Id*. at 8].

## B. Screening of the Complaint

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson*

2

Case 3:23-cv-00229-TRM-JEM   Document 6   Filed 08/07/23   Page 2 of 4   PageID #: 27

*v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. *See, e.g.*, *Stahl v. Coshocton Cnty.*, 754 F. App'x 335, 340 (6th Cir. 2018) (stating that an unreasonable seizure is a civil rights violation squarely protected by the Fourth Amendment). Plaintiff alleges that an officer performed an illegal cavity search and he states that "[t]his happened in 2017" and that "this proceed[ed through] the on coming years" [Doc. 2 p. 7]. Plaintiff claims that he was "hazed" and that "threats [are] still being made[,]" but he does not explain these allegations [*Id*.].

Given his pro se status, the Court will provide Plaintiff an opportunity to amend his Complaint. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claim against Detective Weaver. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

 a) the names and titles of all relevant persons;

 b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

 c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

 d) . . . the location where each relevant event occurred;

 e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

3

    f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty Servs.*, No. 20-CV-7631 (LLS), 2020 WL 6064297, at *3 (S.D. N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **August 31, 2023.**

Plaintiff is **ON NOTICE** that the failure to timely file an amended complaint or to state a claim in the amended complaint may result in the dismissal of some or all his claims. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or [**Doc. 1**] is **HELD IN ABEYANCE** pending the Court's review of Plaintiff's amended complaint, should he choose to file one.

  **IT IS SO ORDERED.**

                ENTER:

                *Jill E. McCook*
                Jill E. McCook
                United States Magistrate Judge

4

Case 3:23-cv-00229-TRM-JEM  Document 6  Filed 08/07/23  Page 4 of 4  PageID #: 29