UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL L. GLENN, JR.,           ) | |
|                                                       ) | |
|     Plaintiff,                    ) | |
|                                                       ) | No. 3:23-CV-229-TRM-JEM |
| v.                                                ) | |
|                                                       ) | |
| DETECTIVE WEAVER O.R.P.D.,   ) | |
|                                                       ) | |
|     Defendant.                    ) | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1] and his Amended Complaint for Violation of Civil Rights ("Amended Complaint") [Doc. 7]. For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 1**], and the Court will therefore allow Plaintiff to file his Amended Complaint without the prepayment of costs. The Court **RECOMMENDS**, however, that the Chief District Judge **DISMISS** the Amended Complaint.

### I.     DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition, including his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 5]. Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $23.86. The Application and Certificate show that Plaintiff has little income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's motion [**Doc. 1**].

Because Plaintiff is an inmate in the Anderson County Detention Facility, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.    RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

In his original Complaint, Plaintiff alleges violations of 42 U.S.C. § 1983 against Detective Weaver with the Oak Ridge Police Department [Doc. 2]. According to Plaintiff, a woman, who he believes is an informant, asked him via Facebook to bring her cocaine [*Id*. at 4]. Plaintiff agreed to visit the woman but only for sexual relations [*Id*.]. His father drove him in his mother's vehicle [*Id*. at 5]. On the way to the woman's house, Plaintiff and his father were pulled over [*Id*.]. The officers performed a search of the vehicle but did not find anything [*Id*.]. Plaintiff alleges that an officer also performed an "illegal cavity search of [his] person" [*Id*.]. According to Plaintiff, Detective Weaver stated, "Either you let us do it or we take you to the jail or hospital. Then we do it anyway. It's not going to hurt, plus remember the charges from yesterday? We didn't drop them. I can always arrest you on those anytime. So stop resisting or go to jail. Either way[,] this is happening" [*Id*.]. Plaintiff states that the officer performed the search without a warrant [*Id*. at 6].

Plaintiff alleges that this search left him in tears and fearing for his life [*Id*.]. "This happened in 2017[,] and this proceed[ed through] the on coming years" [*Id*. at 7]. Alleging that he was "hazed and bothered over and over[,]" Plaintiff claims that "threats [are] still being made"

3

[*Id*.]. Plaintiff states, "The constant slander has not stopped" [*Id*.]. As a result of the cavity search, Plaintiff avers that he has experienced a number of mental illnesses [*Id*.]. He seeks $100,000 for his injuries [*Id*. at 8].

On August 7, 2023, the Court entered an Order [Doc. 6], granting Plaintiff leave to file an amended Complaint. The Court explained that while "Plaintiff allege[d] that an officer performed an illegal cavity search and he state[d] that 'this happened in 2017' and that this proceeded through the on coming years[,]" he did not explain what proceeded later [Doc. 6 p. 3 (quoting Doc. 2 p. 7)]. In addition, he did not explain his allegations that he was being hazed and that someone was still making threats [*Id*.].

Plaintiff filed his Amended Complaint on September 1, 2023 [Doc. 7]. Plaintiff alleges that in 2017, Detective Weaver attempted to set him up using an informant via Facebook [*Id*. at 1]. Plaintiff states that he "agreed to sex and to talk[,]" but he gave no indication that he would have drugs [*Id*.]. Plaintiff's father drove him in his "mother['s] safe drug free vehicle," but they were pulled over [*Id*.]. According to Plaintiff, the officers did not have a reason to stop them [*Id*. at 2]. Officers performed the cavity search without a warrant and in public [*Id*. at 1]. Plaintiff heard Detective Weaver on his cell phone state, "You said he would have it. Well it's not there. Okay" [*Id*.]. Plaintiff alleges that this happened at the end of the spring or the beginning of summer in 2017 [*Id*. at 2]. For a year later, the police followed Plaintiff's mom to work [*Id*.]. The police also went by Plaintiff's girlfriend's house [*Id*.].

Plaintiff details the mental stress this incident has caused him and states that Detective Weaver "grossly violated [his] Fo[u]rth Amendment right against unreasonable seizures" [*Id*.]. He seeks a formal apology from Detective Weaver and the Oak Ridge Police Department, payment of

4

his medical bills stemming from this incident, and an "order of protection against all [those] involved" [*Id*. at 3].

B. **Screening of the Complaint**

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. *See, e.g.*, *Stahl v. Coshocton Cnty.*, 754 F. App'x 335, 340 (6th Cir. 2018) (stating that an unreasonable seizure is a civil rights violation squarely protected by the Fourth Amendment). "[T]he statute of limitations for a § 1983 claim seeking damages for illegal search and seizure begins to run when the plaintiff had complete knowledge of the illegal search and seizure." *Sigrist v. Burgdolf*, No. 5:20-CV-00179 (TBR), 2021 WL 4976980, at *2 (W.D. Ky. Oct. 26, 2021) (citation omitted). Generally, this "means that the statute of limitations begins to run at the time of the illegal search." *Id*. (citation omitted). "[T]he applicable limitations period in Tennessee is one year[.]" *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." (citations omitted)); *see also* Tenn. Code. Ann. § 28-3-104(a).

5

The Court finds that Plaintiff's Amended Complaint is untimely.[1] Plaintiff states that officers stopped the vehicle and conducted the cavity search in 2017. Plaintiff filed his lawsuit on June 30, 2023—approximately six years after the incident. Further, there are no allegations in the Complaint or Amended Complaint that would give rise to a timely cause of action under § 1983.[2] Plaintiff's lawsuit is therefore barred by the statute of limitations. *See Ross v. Ables*, No. 123CV00089DCLCSKL, 2023 WL 4055646, at *4 (E.D. Tenn. May 1, 2023) (recommending that the plaintiff's complaint be dismissed at the screening phase in part because "the untimeliness of [his] § 1983 claims is plainly evident from the face of [his] complaint and cannot be cured[]"), *report and recommendation adopted*, No. 123CV00089DCLCSKL, 2023 WL 4053000 (E.D. Tenn. June 16, 2023).

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application [**Doc. 1**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. However, no process shall issue until the Chief District Judge has ruled upon this Report and

---

[1] "Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint." *Rainey v. Kentucky*, No. 3:19-CV-P835-DJH, 2021 WL 136415, at *2 (W.D. Ky. Jan. 13, 2021).

[2] Plaintiff alleges that the police followed his mother home from work and went by his girlfriend's house. Even if these actions were unconstitutional and timely filed, Plaintiff does not have standing to sue. *Tauwab v. Barry*, No. 5:13CV2036, 2014 WL 4245967, at *3 (N.D. Ohio Aug. 25, 2014) ("[A] party generally lacks standing to sue for the deprivation of another's constitutional rights.").

Recommendation,[3] because the undersigned **RECOMMENDS**[4] that the Amended Complaint [Doc. 7] be **DISMISSED** in its entirety.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[3] This matter is to be presented to the Chief District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7

Case 3:23-cv-00229-TRM-JEM    Document 8    Filed 10/24/23    Page 7 of 7    PageID #: 40